UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEENA ANN RABIDEAU,

   Plaintiff,

v.                Case No. 1:12-CV-108

COMMISSIONER OF SOCIAL SECURITY,   HON. GORDON J. QUIST

   Defendant.
_____/

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff has filed Objections to Magistrate Judge Hugh W. Brenneman's Report and Recommendation (R&R), issued on June 21, 2013, which recommends that the Court affirm the Commissioner's decision denying Plaintiff disability insurance benefits and Supplemental Security Income. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R&R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R&R, Plaintiff's Objections, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objections and adopt the R&R as the opinion of the Court.

Plaintiff has raised three separate objections to the R&R: (1) the Administrative Law Judge (ALJ) failed to follow the treating physician rule; (2) the ALJ failed to properly evaluate Plaintiff's credibility; and (3) the ALJ relied upon flawed vocational expert testimony.

Plaintiff's first objection has several facets. First, Plaintiff argues that the magistrate judge erred in finding that the ALJ attributed two opinions signed by the physician's assistant, Ms. Tremini, to the physician's assistant rather than the Plaintiff's treating physician, Dr. Fiechtner,

whose stamp appears on Ms. Tremini's reports. The ALJ's decision makes clear that he found the two relevant opinions to have been those of Ms. Tremini. This was not error. (AR 22.) These being the findings of a physician's assistant, these opinions were not entitled to deference under the treating physician's rule. *Morales v. Comm'r of Soc. Sec.*, No. 1:12-cv-278, 2013 WL 4780263, at *3 (W.D. Mich. Sept. 5, 2013) ("There is no 'treating physician's assistant rule' and the opinion of a physician's assistant is not entitled to any particular weight."). Moreover, the ALJ considered Ms. Tremini's opinions, and determined that they were not supported by specific objective evidence, and were contradicted by substantial evidence in the record. (AR 22.)

Plaintiff also argues that the ALJ improperly applied the treating physician rule in rejecting a letter from Dr. Fiechtner. Under the treating physician rule, the opinions of a treating physician are "only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Sec. of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994). If an ALJ does not give a treating physician's opinion controlling weight, he must give the reasons for his decision. *See Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

In this case, the ALJ properly detailed the reasons for declining to give controlling weight to Dr. Fiechtner's opinion. The ALJ noted that Dr. Fiechtner did not provide much specific evidence in support of his opinion, and that his practice notes, which the ALJ thoroughly detailed, disclosed "fairly modest anomalies" that did not "give[] rise to the level of dysfunction suggested." (AR 22.) Moreover, Dr. Fiechtner's conclusion that Plaintiff was disabled was not entitled to deference. *See Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004) ("Conclusory statements from a physician that the claimant is disabled are not entitled to deference.").

Similarly, the magistrate judge's conclusion that the ALJ gave good reasons for his decision to assign little weight to Dr. Wiggins's opinion is supported by the record. The ALJ's opinion

2

included a lengthy description of Dr. Wiggins's treatment of Plaintiff, and found that Dr. Wiggins's own evaluations of Plaintiff were "consistently devoid of abnormal findings." (AR 23.) The ALJ thus concluded that Dr. Wiggins's opinion that Plaintiff was severely limited in her physical abilities was not supported by objective evidence, and was inconsistent with other substantial evidence. Thus, the finding was not in error.

Contrary to Plaintiff's assertion, the magistrate judge included a thorough description of facts that supported the ALJ's findings, including the results of numerous objective medical tests and evaluations, as well as evidence of Plaintiff's daily activities, which included walking two miles per day for exercise. These facts, combined with assessments from a state agency doctor, provided substantial evidence to support the ALJ's findings.

Plaintiff's second objection, that the ALJ improperly evaluated Plaintiff's credibility, is similarly unavailing. In evaluating Plaintiff's testimony, the ALJ relied on the results of objective medical tests and examinations that did not support Plaintiff's complaints regarding her physical abilities. His opinion is not invalidated simply because he included — in a lengthy description of the evidence — a single sentence describing his personal observations. Contrary to Plaintiff's assertion, this was not a situation in which the ALJ relied solely on his personal observations in making his decision. *See King v. Heckler*, 742 F.2d 968, 974 n. 2 (6th Cir. 1984) ("[A]n ALJ, in making a finding on the issue of pain, may not rely *solely* on the demeanor of the applicant as observed by the ALJ at the hearing.") (internal citations omitted). Nor did the ALJ err in considering Plaintiff's daily activities, which included walking for exercise and doing household chores. *See Pasco v. Comm'r of Soc Sec.*, 137 F. App'x 828, 846 (6th Cir. 2005) (considering the plaintiff's daily activities in finding that there was substantial evidence to support the ALJ's finding).

3

Plaintiff's final argument is that the ALJ should not have relied upon testimony from the vocational expert because it included a finding of residual functional capacity (RFC) that Plaintiff claims was inappropriate.  In support of this argument, Plaintiff merely cites the rest of her brief.  As discussed, there was substantial evidence to support the Plaintiff's RFC, and thus the Court rejects Plaintiff's objection.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 21, 2013 (docket no. 17), is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

A separate judgment will issue.


Dated: September 24, 2013                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE